IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PEDRO J. VEGA-ROSADO
Petitioner

vs

WARDEN H.A. LEDEZMA
Respondent

CIVIL 06-1269CCC

# O R D E R

On March 14th, 2006, petitioner Pedro J. Vega-Rosado (hereinafter "petitioner"), a federal prisoner, filed for a writ of habeas corpus under 28 U.S.C. §2241, challenging the alleged refusal of the United States Bureau of Prisons ("BOP") to allow his transfer to a community corrections center ("CCC") or halfway house. After reviewing the pleadings from the petitioner and the respondent, the court DENIES AS MOOT the relief requested and DISMISSES this case for the reasons discussed below.

I. Background

Pedro J. Vega-Rosado is a thirty-six-year-old hispanic male, who was sentenced on April 14, 2005 by the U.S. District Court of the Virgin Islands, division of St. Thomas and St. Johns, to forty-one months of imprisonment and three years of supervised release after a jury trial conviction on charges of: Conspiracy to Defraud the United States (18 U.S.C. §371); Document Fraud and Aiding and Abetting (18 U.S.C. §1546(a) and 2); Bribery (18 U.S.C. §201(b) (2) );  Wire fraud (18 U.S.C. §1343); Unlawfully Transporting Aliens (8 U.S.C. §1342 (a) (1) (A) (ii) ) and Obstruction of Justice 18 U.S.C. §1512 (b) (3)).

On July of 2005, the BOP designated him to serve the remainder of his sentence at the Metropolitan Detention Center (hereinafter "MDC") in Guaynabo, Puerto Rico. Petitioner was placed in unit 1-A (cadre unit) of the MDC where Ms. Share Ann Lenway is the Case Manager (CM) and H.A. Ledezma is the Warden who has direct custody over the petitioner. On August

CIVIL 06-1269CCC                                        2

of 2005, during petitioners' first pre-release meeting, CM Lenway told all inmates present that the recommendation for CCC or halfway house was going to be 10% of the sentence, not to exceed six months.  On September 12, 2005, petitioner requested CM Lenway to recommend at least six months for his CCC placement.  However, the Sentence Monitoring Computation Data had already assigned petitioner a CCC transfer date for June 28, 2006, with a projected good conduct time release date of October 13, 2006.

After petitioner proceeded to exhaust administrative remedies available to him, he filed this petition.  Petitioner contended that he was entitled to federal habeas corpus relief under 28 U.S.C.§2241, because, according to him, the BOP acted contrary to 18 U.S.C. §3624 when it did not transfer him to a CCC on April 13, 2006 instead of June 28, 2006.  The Petitioner argued that the BOP should have considered him for transfer to a CCC without reference to the December 2002 and the February 2005 BOP policies.  He argues that both BOP policies are invalid and that he should have been granted the maximum amount of time allowed under the statute for CCC placement.  The petitioner also argues that the CCC placement procedures and policies do not consider the Congress mandated factors set forth in 18 U.S.C. §3621 (b).  On May 23rd, 2006, respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus (**docket entry 6**) to which petitioner responded on June 22nd, 2006.

Notwithstanding on June 1, 2006, the petitioner was removed from MDC Guaynabo and placed in transit to the Federal Detention Center (FDC) in Miami, Florida.  On June 28, 2006, the petitioner was removed from the FDC and placed in a CCC.  The petitioner's projected release date is October 12, 2006.  Respondent, thus, has supplemented his Motion to Dismiss claiming that petitioner's release from prison to a CCC has mooted this action for Habeas Corpus relief.  (See docket entry 8.)

CIVIL 06-1269CCC                                         3

II. Discussion

Federal law provides for the placement of an inmate in pre-release custody near the end of his sentence to allow prisoners an opportunity to adjust to the community prior to their release. 18 U.S.C §3624 (c) provides that to the extent practicable, such placement will take place during the last ten percent of a prisoner's sentence, not to exceed 6 months:

"The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 percent of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoners's re-entry into the community." 18 U.S.C §3624 (c).

The record establishes that on June 29, 2006, petitioner was transferred to a CCC, where he has remained. This indicates that petitioner was afforded the relief which he sought through this action. Spencer v. Kemna, 523 U.S. 1, 7-9 (1998) ("An inmates release from prison and placement on a CCC moots his claim for habeas corpus relief"); Arizonans for Official English v. Arizona, 520 U.S. 43, 68 (1997) ("An action is rendered moot when subsequent facts have destroyed the existence of a justiciable controversy or have rendered any possible judicial remedy meaningless"); County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (" A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome....")

In the instant case, the Court agrees with respondent that the instant petition is subject to dismissal as no case or controversy currently exists. U.S. Nat. Bank of Oregon v. Independent Ins. Agents of America, Inc., 113 S. Ct. 2173, 446 (1993) ("Exercise of judicial power under Article III of Constitution depends on existence of case or controversy, and federal courts lack power to render advisory opinions.")

CIVIL 06-1269CCC                                    4

III. Conclusion

    For the reasons stated herein, Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 (**docket entry 1**) is hereby DENIED AS MOOT and this proceeding is DISMISSED. Judgment shall be entered accordingly.

    SO ORDERED.

    At San Juan, Puerto Rico, on October 5, 2006.

                                                S/CARMEN CONSUELO CEREZO
                                                  United States District Judge